## FIRST NATIONAL BANK, Tee v STACEY MANUFACTURING CO et

Ohio Appeals, 1st Dist, Hamilton Co

No 4424. Decided Oct 2, 1933

:

Wm. R. Collins, Cincinnati, for plaintiff in error.
Paxton & Seasongood, Cincinnati, for defendants in error.

## OPINION

By HAMILTON, PJ.

This case is here on error from an order of the Court of Common Pleas of Hamilton County, appointing a receiver for the

defendant in error company. This is the sole matter before the court.

The claim is, that the appointment of the receiver was unnecessary and unwarranted, and that the trial court was without authority in law to make the appointment. The major claim of the plaintiff in error is, that due to a trust agreement under which mortgage notes were issued and sold, it, the plaintiff in error, was named trustee with full control over the property in question; that the appointment of the receiver, if permitted to stand would oust the trustee of its rights and powers to control and handle the property under the trust agreement.

The claim of the defendant in error is, that the plaintiff in error has no interest, being only a trustee, and it being the only party prosecuting error, the petition in error should be dismissed; that if the motion to dismiss is overruled, then the case should be affirmed, for the reason that the court possessed the power under the statute to appoint the receiver, and that the appointment of the receiver in no-wise ousts the trustee from performing his duties under the trust agreement.

The court is of the opinion that, since the trustee is the holder of, or controls some of the mortgage notes, it is an interested party. The motion to dismiss is overruled.

The record discloses that some time prior to the application for the appointment of the receiver in question, on application of the parties and without opposition, a receiver was appointed for those assets not covered by the mortgage executed under the trust agreement and he has possession of those assets.

It appears that the trustee bank, upon default in the payment of interest and notes as they became due, filed an action to foreclose the mortgage lien, all of which was provided for in the trust agreement; that under the suit to foreclose the mortgage the property had been offered twice and remained unsold, and the property lay idle and was unused. Thereupon, a claimed creditor applied for a receiver pending the foreclosure proceeding, to take charge of the property and to operate the same, and he was joined in the request by several of the mortgage note-holders.

Paragraph 10 of the Trust Agreement provides:

"If the Company shall make any default in the performance of the covenants of this mortgage, as herein provided, or if it should be adjudged to be a bankrupt or **have a** receiver or other custodian appointed by a court, * * * then the Trustee shall, with or without demand or legal process, take possession of all properties then subject to the lien thereof * * * or the Trustee shall institute such proceedings as may be necessary or proper to enforce its rights and the rights of the noteholders secured by this mortgage. If the Trustee fails or refuses to perform its duty, as above provided, then any noteholder may institute court proceedings to enforce the rights that should have been enforced by the Trustee."

It is claimed that this paragraph 10 ousts the court of jurisdiction to appoint a receiver. This court does not agree with that proposition. The case before this court is simply an error proceeding to the appointment of a receiver, appointed pending a foreclosure proceeding.

Sec 11894, GC, provides in part as follows:

"A receiver may be appointed by * * * the Common Pleas Court or a judge thereof * * * in causes pending in such courts respectively, in the following cases:
" * * *

"2. In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears * * * that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt."

The trustee bank, as heretofore stated, filed the foreclosure proceeding, and that is the case pending in court. It is clearly shown that the condition of the mortgage has not been performed. The property is probably insufficient to discharge the mortgage debt, and under the facts of the case and the statute quoted, the Court of Common Pleas had the power to appoint the receiver.

The judgment is affirmed.

HAMILTON, PJ.